[Cite as *State v. Blair*, 2018-Ohio-3806.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

    Plaintiff-Appellee,                  :

v.                                               :            No. 18AP-169
                                                          (C.P.C. No. 17CR-2461)
Terrence H. Blair,                               :
                                                          (REGULAR CALENDAR)
    Defendant-Appellant.              :

---

D E C I S I O N

Rendered on September 20, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Terrence H. Blair is appealing from his sentence of incarceration. He assigns a single error for our consideration:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 2} Blair entered into a plea bargain under the terms of which he pled guilty to two charges of aggravated robbery, each with a firearm specification. He also pled guilty to a charge of felonious assault without a firearm specification. He was sentenced to seven years of incarceration on each of the aggravated robberies and to four years of incarceration

on the felonious assault charge. The charges and specifications were all ordered to be served consecutively, for a total of 18 years of incarceration.

{¶ 3} Blair was involved in two separate armed robberies of a pizza place. At the one pizza place he was robbing, he pistol whipped an employee, causing a serious head injury.

{¶ 4} Each robbery of a pizza place involved the use of a firearm. The three-year firearm specification, applicable for each robbery, had to be served before the prison term for the underlying robbery.

{¶ 5} The trial court judge gave a reasonable sentence for each robbery and then added a sentence for the felonious assault. If the judge had not run the sentences for aggravated robbery consecutively, Blair would, in essence, be punished for only one aggravated robbery. If the trial court had not sentenced Blair to a consecutive sentence on the felonious assault charge, Blair would, in essence, experience no penalty for splitting a store employee's head open while using a pistol like a metal club.

{¶ 6} We note in addition, that Blair has a criminal history for using a firearm and for being physically violent.

{¶ 7} The Ohio legislature has passed laws telling judges when they can order consecutive sentences. One of those laws is R.C. 2929.14(C)(4). The trial court judge expressly considered R.C. 2929.14(C)(4) and explained in open court why she thought consecutive sentences were appropriate, perhaps even mandatory. She then followed up with a judgment entry which expressly addressed the provisions of R.C. 2929.14(C).

{¶ 8} The traumatic effect of having a firearm pointed at you should not be minimized. In the case of these robberies, employees of one of the pizza places were sufficiently traumatized to quit their jobs. The trial court judge took specific note of that fact at the sentencing.

{¶ 9} The consecutive sentences were appropriate and in accord with the applicable statutes.

{¶ 10} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.